IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PENNY EZELL, on Behalf of Herself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>GRACO CHILDREN's PRODUCTS INC., and NEWELL RUBBERMAID INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-12-787-C<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

On June 20, 2012, Plaintiffs filed a class action Petition in the District Court of Pottawatomie County. In the state court Petition, the Plaintiffs sought to represent a class of Oklahoma residents who purchased an allegedly defective booster seat that was manufactured by Defendants. In particular, Plaintiffs argued Defendants' seat failed to meet Federal Motor Vehicle Safety Standard 213. On July 16, 2012, Defendants removed the state court action to this Court, asserting this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), commonly known as the Class Action Fairness Act of 2005 ("CAFA").

Seeking remand, Plaintiffs argue Defendants have failed to show by a preponderance of the evidence that the jurisdictional requirements of CAFA have been satisfied. Specifically, Plaintiffs argue that Defendants have failed to show that the total amount in controversy exceeds $5,000,000 and argue accordingly that this action should be remanded to the District Court of Pottawatomie County, State of Oklahoma.

To establish federal jurisdiction under CAFA, three elements are required. First, minimal diversity of jurisdiction of citizenship must exist between the parties, meaning at least one plaintiff and one defendant must be citizens of different states. Second, the proposed class must have at least 100 members in the aggregate, and, third, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). For removal to be proper, the defendant must set forth facts supporting the assertion that the amount in controversy is satisfied. <u>Frederick v. Hartford Underwriters Ins. Co.</u>, 683 F.3d 1242, 1247 (10th Cir. 2012). In making this showing, the defendant must support the amount in controversy with factual evidence rather than mere assumption or speculation. <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1290 (10th Cir. 2001).

The parties are in dispute only about the third element – the amount in controversy. Defendants argue under a broad reading of the state court Petition, there are at a minimum 15,000+ class members. Defendants support this determination with an affidavit showing that 15,452 people with Oklahoma addresses registered booster seats within the time frame set out in the state court Petition. Defendants further develop their proof by setting forth the number of booster seats sold, 12,200,000, and the portion of that number registered, 1,600,000. Applying this same ratio of registration to seats sold (13%), it is reasonable to infer that approximately 118,500 seats were sold in Oklahoma. Plaintiffs seek recovery of the replacement cost of the seat. The parties agree that a blended price (to account for the varied prices of the two models sold) is $33.99. Thus, Defendants have demonstrated that the compensatory amount in controversy is approximately $3,976,830.00. Defendants'

affidavit then adds potential punitive damages[*] which brings the amount in controversy well over the threshold required by CAFA

Plaintiffs dispute Defendants' assertions but fail to offer any reasonable explanation or evidence to support their position.  Rather, Plaintiff simply make the conclusory argument that the potential class action recovery is less than required to support jurisdiction.

Defendants have come forward with facts which demonstrate the amount of damages these Plaintiffs seek to recover exceeds the jurisdictional damages threshold required by CAFA.  As the Tenth Circuit noted in McPhail v. Deere & Co.. 529 F.3d 947, 954 (10th Cir. 2008), "once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than [the jurisdictional amount] is

---

[*]   A defendant seeking to remove because of a claim for punitive damages "must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible*" that punitive damages are in play. McPhail [v. Deere & Co.], 529 F.3d [947] at 955 [(10th Cir. 2008)].  The defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that:  (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $5,000,000.  See Back Doctors [Ltd. v. Metropolitan Property and Cas. Ins. Co.], 637 F.3d [827] at 830 [(7th Cir. 2011)] (explaining that "the question . . . is not whether the class is more likely than not to recover punitive damages, but whether [state] law disallows such a recovery").

Frederick, 683 F.3d at 1248.

at stake.  If the amount is uncertain then there is potential controversy, which is to say that at least [the jurisdictional amount] is in controversy in the case."

Because the Court finds that Defendants have proven the jurisdictional facts on which the amount in controversy could be found by a preponderance of the evidence, the burden now shifts to Plaintiffs to refute that showing.  Plaintiffs fail in this obligation, as they offer no evidence to demonstrate Defendants' calculations are improper.  Rather, Plaintiffs simply assert that Defendants' calculations are incorrect.  Such conclusory assertions are insufficient to overcome Defendants' proof.  See Frederick, 683 F.3d at 1247 ("Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover more than $5,000,000.") (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)).

Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 15) is DENIED.

IT IS SO ORDERED this 24th day of September, 2012.

ROBIN J. CAUTHRON
United States District Judge